**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GREGORY MATTHEWS,

                  Petitioner,                  Case Number: 2:10-CV-11974

v.                                      HON. GEORGE CARAM STEEH

MARY BERGHUIS,

                  Respondent.

                                  /

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Gregory

Matthews is a state inmate incarcerated at the Parnall Correctional Facility in

Jackson, Michigan.  Petitioner filed a *pro se* petition for a writ of habeas corpus

challenging his conviction for possession with intent to deliver ecstasy,

possession with intent to deliver marijuana, and felony firearm.  Respondent,

through the Attorney General's office, filed a response, arguing that Petitioner's

claims are procedurally defaulted and/or without merit.  For the reasons which

follow, the petition will be denied.

**I.**      **Background**

On June 27, 2006, Petitioner was arrested in Wayne County after meeting

an undercover Canton Township police officer at a pre-arranged location for the

purpose of selling the officer ecstasy pills.  On that same date, police obtained a

search warrant for Petitioner's home, located in Washtenaw County. In the master bedroom closet, police found an AK-47 assault rifle and ammunition. Police found a loaded .380-caliber pistol in the nightstand. On the master bathroom counter, police found Vicodin in an unmarked prescription bottle, 20 ecstasy pills in a prescription bottle, 5 additional ecstasy pills in a plastic baggie, and a prescription bottle containing 50 Oxycontin pills. In a guest bedroom where Petitioner's brother, Bryan Matthews, had been staying, police found three prescription bottles: one contained a general pain reliever (88 pills), another Gabapentin (120 pills), and the third Vicodin (18 pills). In a kitchen cabinet, police found two bags of marijuana, one containing 2.7 grams and the other containing 66.8 grams, a partially used box of sandwich baggies, two digital scales, and a hand-held metal scale.

Petitioner was convicted by a jury in Washtenaw County Circuit Court of possession with intent to deliver ecstasy, possession with intent to deliver marijuana, and felony firearm. On July 3, 2008, he was sentenced to two to twenty years in prison for each of the possession convictions to be served concurrently to two years in prison for the felony-firearm conviction.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals raising a claim of ineffective assistance of counsel. The Michigan Court of Appeals denied leave to appeal "for lack of merit on the grounds presented." *People v. Matthews*, No. 291196 (Mich. Ct. App. June 18,

2009).  Petitioner filed an application for leave to appeal in the Michigan Supreme

Court, raising the same ineffective assistance of counsel claim and new claims

concerning the admission of other acts evidence and the validity of the felony-

firearm conviction.  The Michigan Supreme Court denied leave to appeal.  *People*

*v. Matthews*, 495 Mich. 1009 (Dec. 21, 2009).

Petitioner filed a motion for new trial in the trial court, raising a single

ineffective assistance of counsel claim.  The trial court denied the motion.  *People*

*v. Matthews*, No. 07-0001056 (Washtenaw County Cir. Ct. June 1, 2010).

Petitioner has not sought leave to appeal in the Michigan Court of Appeals or

Michigan Supreme Court.

Petitioner filed the pending habeas corpus petition on May 12, 2010.  He

raises these claims:

I.      Petitioner was improperly convicted of felony firearm when he was in
        jail ten miles away from the firearm when it was discovered in his
        home.

II.     Trial counsel was ineffective because he conceded Petitioner's guilt
        in his opening statement and throughout trial.

III.    Trial court improperly permitted prosecution to present evidence
        regarding other firearms not in evidence.

## II.    Standard

The petitioner's claims are reviewed against the standards established by

the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132,

110 Stat. 1214 (AEDPA).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been

'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by

resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## III.   Discussion

### A.   Procedural Default

Respondent argues that Petitioner's first and third claims are procedurally defaulted. A prisoner challenging his confinement by way of a habeas corpus petition must exhaust his state court remedies prior to seeking federal habeas corpus relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding

that "[o]rdinarily, the state courts must have had the opportunity to pass on

defendant's claims of constitutional violations").  The exhaustion requirement is

satisfied if a prisoner "invok[es] one complete round of the State's established

appellate review process,"  including a petition for discretionary review to a state

supreme court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  State

prisoners in Michigan must raise each claim in the Michigan Court of Appeals and

in the Michigan Supreme Court before seeking federal habeas corpus relief.  *See*

*Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  The petitioner bears

the burden of showing that state court remedies have been exhausted.  *Prather*,

822 F.2d at 1420, n.3.

Petitioner raised his first and third claims to the Michigan Supreme Court

after the Michigan Court of Appeals affirmed his convictions on direct appeal.

"[A]n issue has not been fairly presented when it is raised for the first time to the

Michigan Supreme Court, and that court declines to exercise its right to

discretionary review.  *Warlick v. Romanowski*, No. 09-1199, 2010 WL 729528, at

*8 (6th Cir. March 03, 2010) (unpublished), *citing  Farley v. Lafler*, 193 F. App'x

543, 549 (6th Cir. 2006).  Petitioner raised these claims again in his motion for

relief from judgment.  He did not seek leave to appeal the trial court's denial of his

motion for relief from judgment.  The time for doing so has now expired.  Thus,

Petitioner also failed to complete one complete round of the state's established

appellate review process for these claims.  Consequently, the Court concludes

that these claims are not properly exhausted.

No state court remedy is available to the petitioner to properly exhaust

these claims because the time for filing an application for leave to appeal the trial

court's denial of his motion for relief from judgment has expired.  Where a

petitioner "fails to present his claims to the state courts and . . . is barred from

pursuing relief there, his petition should not be dismissed for lack of exhaustion

because there are simply no remedies available for him to exhaust." *Hannah v.*

*Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995).  "[I]f an unexhausted claim would be

procedurally barred under state law, that claim is procedurally defaulted for

purposes of federal habeas review." *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir.

2002).  Thus, in order to obtain review of his claims under § 2254 he must

establish cause and prejudice to excuse his default.

Petitioner fails to assert cause to excuse his default.  Thus, these claims

are barred from review unless Petitioner can establish that a constitutional error

resulted in a fundamental miscarriage of justice.  *Schlup v. Delo*, 513 U.S. 298,

321 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception

to procedural default to a petitioner's innocence.  *Id.* at 321.  Petitioner must

assert a constitutional error along with a claim of innocence.  To make a showing

of actual innocence, "a petitioner must show that it is more likely than not that no

reasonable juror would have found the petitioner guilty beyond a reasonable

doubt." *Id.* at 327.  The Court further explained this standard as follows:

> The . . . standard is intended to focus the inquiry on actual
> innocence.  In assessing the adequacy of petitioner's showing,
> therefore, the district court is not bound by the rules of admissibility
> that would govern at trial.  Instead, the emphasis on "actual
> innocence" allows the reviewing tribunal to consider the probative
> force of relevant evidence that was either excluded or unavailable at
> trial. . . . The habeas court must make its determination concerning
> the petitioner's innocence in light of all the evidence, including . . .
> evidence tenably claimed to have been wrongly excluded or to have
> become available only after trial.
>
>                              . . . .
>
> . . . [A]ctual innocence . . . does not merely require a showing that a
> reasonable doubt exists in the light of the new evidence, but rather
> that no reasonable juror would have found the defendant guilty.  It is
> not the district court's independent judgment as to whether
> reasonable doubt exists that the standard addresses; rather the
> standard requires the district court to make a probabilistic
> determination about what reasonable, properly instructed jurors
> would do.  Thus, a petitioner does not meet the threshold
> requirement unless he persuades the district court that, in light of the
> new evidence, no juror, acting reasonably, would have voted to find
> him guilty beyond a reasonable doubt.

*Id.* at 327-29 (internal quotation omitted).

Petitioner fails to present new, reliable evidence in light of which no

reasonable juror would have found him guilty.  Therefore, these claims are

procedurally barred and habeas relief is denied.

## B.    Ineffective Assistance of Counsel Claim

Petitioner next argues that his trial attorney was ineffective because he

conceded Petitioner's guilt in opening statement and throughout the trial.

9

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel.  *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005).  To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687.  An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.* at 687.  "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.* at 687.  The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable."  *Id.* at 687.

"Surmounting *Strickland's* high bar is never an easy task."  *Padilla v.*

10

*Kentucky*, __ U.S. __, 130 S. Ct. 1473, 1485 (2010).  "Establishing that a state

court's application of *Strickland* was unreasonable under § 2254(d) is all the more

difficult."  *Richter*, __ U.S. __, 131 S. Ct. at 788.  The *Strickland* standard and the

standard for federal habeas review are each, individually, "'highly deferential.'"

*Richter*, 131 S. Ct. at 788, *quoting Strickland,* 466 U.S. at 689.  "When the two

standards apply in tandem, review is 'doubly' so."  *Id.*, *quoting Knowles v.

Mirzayance*, 556 U.S. 111, 123 (2009).  When § 2254(d) applies, "[t]he question

is whether there is any reasonable argument that counsel satisfied *Strickland's*

deferential standard."  *Id.*

        The Michigan Court of Appeals denied Petitioner's claim "for lack of merit

on the grounds presented."  Though the state court's decision on this issue

lacked substantial explanation, the decision is still owed deference under the

AEDPA.  *Harrington*, 131 S. Ct. at 784.  Where a state court decision lacks

meaningful (or, for that matter, any) discussion, a habeas court must determine

what theories or arguments supported or could have supported the decision.

*Harrington*, 131 S. Ct. at 785.  Then, the habeas court "must ask whether it is

possible fair-minded jurists could disagree that those arguments or theories are

consistent with" clearly established Supreme Court precedent.  *Id.*

        Defense counsel's opening statement does not concede Petitioner's guilt

on the charged offenses.  Counsel tells the jury that, while Petitioner may have

pleaded guilty to certain charges in Wayne County, he is not guilty in the pending

11

case.  Defense counsel professed Petitioner's innocence in the opening and closing statements.  In addition, he capably cross-examined prosecution witnesses.  After reviewing the court record, the Court holds that the state court's finding that Petitioner's counsel was not ineffective to be reasonable under *Strickland*.

## IV.    Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.  Therefore, the Court will deny a certificate of appealability.

**V.     Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus and a

certificate of appealability are **DENIED** and the matter is **DISMISSED**.

**SO ORDERED.**

Dated:  May 10, 2012

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 10, 2012, by electronic and/or ordinary mail and also to
Gregory Matthews at West Shoreline Correctional Facility,
2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

S/Josephine Chaffee
Deputy Clerk

---